### September, 1902.

WATERTOWN CARRIAGE COMPANY, Respondent, *v.* EDWIN L. HALL, Appellant.

*Bankruptcy — a demand for conversion is not provable under section 63, subdivision a, of the Bankruptcy Law of 1898.*

A demand against a bankrupt for the conversion of property is not a provable debt under the Bankruptcy Law of 1898, and, therefore, is not released by his discharge in bankruptcy.

The specification in section 63, subdivision a, of such Bankruptcy Law, of what are provable debts is clear and will not be extended except by necessary implication.

APPEAL by the defendant, Edwin L. Hall, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 10th day of May, 1901, upon the decision of the court, rendered after a trial at the Saratoga Special Term, sustaining a demurrer to a defense contained in the defendant's answer.

The complaint alleges in substance the incorporation of the plaintiff; that prior to the commencement of the action the plaintiff was the owner and entitled to the immediate possession of the sum of sixty-five dollars; that theretofore " and between the thirteenth day of February, 1899, and the date of the commencement of this action, the defendant did wrongfully, fraudulently and unlawfully convert, misappropriate and embezzle said property to wit: said sum of sixty-five dollars, the same being lawful money of the United States of America." The complaint further alleges that before the com-

mencement of the action the plaintiff duly demanded the said property, but the defendant refused to deliver the same to the plaintiff's damage " of the sum of sixty-five dollars, with interest from the date of said conversion, misappropriation and embezzlement."

In his third defense defendant alleges a discharge in bankruptcy. To this defense the plaintiff demurred as insufficient in law upon the face thereof. The demurrer was by the Special Term sustained, and from the judgment entered upon the decision this appeal is taken.

*C. H. Sturges* and *W. J. Miner*, for the appellant.

*Levi H. Brown*, for the respondent.

SMITH, J.:

This case is now before us upon a reargument ordered. The case as first decided is reported in 66 Appellate Division, 84. In the briefs presented upon that argument it was stated that the Bankruptcy Law of 1898 was a substantial re-enactment of the act of 1867, and in the decision this fact was assumed. Upon a motion for reargument portions of the act of 1898 were called to our attention materially differing from the provisions of the act of 1867, and which upon consideration call for a reversal of the decision which we then made and the affirmance of the decision of the court below.

By section 17 of the act of 1898 (30 U. S. Stat. at Large, 550) it is provided that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except certain debts specified. By section 63 is defined what are provable debts. Under that section there are five classes of debts which may be proved against a bankrupt and allowed against his estate : (1) A fixed liability, as evidenced by a judgment or an instrument in writing, etc.; (2 and 3) certain sums due as taxable costs; (4) debts founded upon an open account or upon a contract express or implied; (5) judgments upon provable debts obtained " after the filing of the petition and before the consideration of the bankrupt's application for a discharge." In none of these subdivisions is included the claim set forth as a cause of action in the plaintiff's complaint herein. Under section 5067 of the United States Revised Statutes

of 1875, which was a part of the Bankruptcy Law of 1867, among the provable debts were included "All demands against the bankrupt for or on account of any goods or chattels wrongfully taken, converted, or withheld by him." Under that act it is clear, as was held, that a cause of action for conversion was released by a discharge in bankruptcy. In the present statute, however, this provision nowhere appears and a demand for a conversion of property as such is no longer a provable debt, and, therefore, no longer released by a discharge in bankruptcy. Subdivision b of section 63 provides for the liquidation of unliquidated claims, but the unliquidated claims there referred to are claims specified in subdivision a of the section as provable debts. They are those provable debts which have not been so far liquidated as to make certain the amount which should be allowed against the bankrupt. This would seem to be indicated by comparison with the former Bankruptcy Law (U. S. R. S. § 5067) above cited, where similar provision is found. It is not necessary here to discuss what would be the situation if in the complaint the plaintiff had chosen to waive the tort. It has not so elected. (See Collier Bank [3d ed.] 399.)

Appellant argues that the exceptions specified in section 17 indicate an intention to make provable other debts than those specified in subdivision a of section 63. To this we disagree. The specification in section 63, subdivision a, of what are provable debts is clear and will not be extended, except by necessary implication. The discharge in bankruptcy constituted no defense to plaintiff's complaint, and the demurrer was properly sustained.

All concurred.

Judgment affirmed, with costs, with usual leave to amend answer upon payment of costs.